UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| RYAN L. ESLICK, | |
| Plaintiff, | |
| v. | CAUSE NO. 3:21-CV-866-JD-MGG |
| DAVIS, et al., | |
| Defendants. | |

OPINION AND ORDER

Ryan L. Eslick, a prisoner without a lawyer, filed a complaint against three defendants. ECF 1. He has also filed a motion for a temporary restraining order and preliminary injunction. ECF 4. "A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted). Nevertheless, under 28 U.S.C. § 1915A, the court must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.

In his complaint, Eslick alleges that, on or about June 23, 2021, he was on a hunger strike because he believed his rights were being violated by prison staff. ECF 1 at 2. At about 6:30 a.m. that day, Correctional Officer Knockie came to his cell door and told him that if he would end his hunger strike, Sergeant Jones would speak to him. *Id*. Several hours later, Knockie offered Eslick a lunch tray but he refused it stating "I will

only eat after the violations of my rights have been addressed." *Id*. Knockie then allegedly responded to Eslick by stating "Bet" and walked away. *Id*.

Later in the afternoon on or about June 23, 2020, Correctional Officer Davis, Knockie, and Jones arrived at Eslick's cell door. *Id*. at 2. Davis ordered Eslick to cuff up so they could confiscate his television. *Id*. Because he had done nothing wrong, he refused to cuff up. *Id*. At this point, Jones shouted "[C]uff up, we'll come in there and beat your . . . *** up!" *Id*. Eslick responded by saying "No! I haven't done anything wrong! Get the Lt. back here!" *Id*. Davis then said, "**** this ****, roll this door." *Id*. The cell door opened, and Davis entered the cell followed by Jones and Knockie. *Id*. at 2-3. Eslick alleges that Davis then punched him on the right of his head just above his ear with such force that he was knocked off his feet and fell to the floor dazed and senseless. *Id*. at 3. While Eslick was lying on the floor, Davis continued to punch him in his head and midsection while Jones and Knockie stood by and watched. *Id*. Eslick claims the assault left welts on his head and bruises on his ribs and left forearm. *Id*.

Following the assault, Eslick states Knockie put him in cuffs and placed him in a holding cell. *Id*. While he was in the holding cell, his property was removed from his cell and the water was turned off so that he could be put on strip cell status. *Id.* Five hours later he was removed from strip cell status and his property was returned to him. *Id.* However, Eslick asserts his photographs and headphones were damaged, and his food and hygiene items had been lost. *Id*.

Under the Eighth Amendment, prisoners cannot be subjected to cruel and unusual punishment. *See Farmer v. Brennan*, 511 U.S. 825, 833-34 (1994). The "core

requirement" for an excessive force claim is that the defendant "used force not in a good-faith effort to maintain or restore discipline, but maliciously and sadistically to cause harm." *Hendrickson v. Cooper*, 589 F.3d 887, 890 (7th Cir. 2009) (citation omitted). Several factors guide the inquiry of whether an officer's use of force was legitimate or malicious, including the need for an application of force, the amount of force used, and the extent of the injury suffered by the prisoner. *Id.* Giving Eslick the inferences to which he is entitled at this stage, he states a plausible Eighth Amendment claim of excessive force against Davis for assaulting him on or about June 23, 2021.

To the extent Eslick alleges Jones and Knockie stood by and watched as Davis assaulted him, state actors "who have a realistic opportunity to step forward and prevent a fellow [state actor] from violating a plaintiff's rights through the use of excessive force but fail to do so" may be held liable. *Miller v. Smith*, 220 F.3d 491, 495 (7th Cir.2000) (citing *Yang v. Hardin*, 37 F.3d 282, 285 (7th Cir. 1994). Here, it can plausibly be inferred that Davis's alleged use of excessive force lasted sufficiently long for Jones and Knockie to intervene. Therefore, Eslick has stated a claim for failure to intervene against these two defendants.

Eslick also believes that the taking of his property violated his constitutional rights. ECF 1 at 3. The Fourteenth Amendment provides that state officials shall not "deprive any person of life, liberty, or property, without due process of law . . .." But, a state tort claims act that provides a method by which a person can seek reimbursement for the negligent loss or intentional depravation of property meets the requirements of the due process clause by providing due process of law. *Hudson v. Palmer*, 468 U.S. 517,

3

533 (1984) ("For intentional, as for negligent deprivations of property by state employees, the state's action is not complete until and unless it provides or refuses to provide a suitable post deprivation remedy.") Indiana's tort claims act (Indiana Code § 34-13-3-1 *et seq.*) and other laws provide for state judicial review of property losses caused by government employees and provide an adequate post deprivation remedy to redress state officials' accidental or intentional deprivation of a person's property. *See Wynn v. Southward*, 251 F.3d 588, 593 (7th Cir. 2001). ("[Plaintiff] has an adequate post deprivation remedy in the Indiana Tort Claims Act, and no more process was due."). Therefore, the taking of Eslick's property does not state a claim.

Furthermore, Eslick has filed a motion for a temporary restraining order and preliminary injunction. ECF 4. In his motion, he asks the court to order the defendants to preserve the video surveillance footage of the events that led him to file this lawsuit. "[A] preliminary injunction is an extraordinary and drastic remedy, one that should not be granted unless the movant, *by a clear showing*, carries the burden of persuasion." *Mazurek v. Armstrong*, 520 U.S. 968, 972 (1997). "A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008).

A party has a duty to preserve evidence when he knows, or should have known, that litigation is imminent. *Trask-Morton v. Motel 6 Operating L.P.*, 534 F.3d 672, 681 (7th Cir. 2008). The duty to preserve evidence encompasses any evidence that the non-

preserving party knew or reasonably could foresee would be relevant to the action. *Larson v. Bank One Corp.*, 2005 WL 4652509, *10-11 (N.D. Ill. August 18, 2005); *Danis v. USN Communications, Inc.*, 2000 WL 1694325, *32 (N.D. Ill. Oct. 20, 2000). Because the duty to preserve evidence attaches upon notice of impending litigation, an order compelling the defendants to preserve the video recordings is unnecessary. Therefore, the motion for a temporary restraining order and preliminary injunction will be denied.

For these reasons, the court:

(1) DENIES Ryan L. Eslick's motion for a temporary restraining order and preliminary injunction (ECF 4);

(2) GRANTS Ryan L. Eslick leave to proceed against Correctional Officer Davis in his individual capacity for compensatory and punitive damages for assaulting him on or about June 23, 2021, in violation of the Eighth Amendment;

(3) GRANTS Ryan L. Eslick leave to proceed against Correctional Officer Knockie and Sergeant Jones in their individual capacities for compensatory and punitive damages for failing to intervene when Correctional Officer Davis assaulted Eslick on or about June 23, 2021, in violation of the Eighth Amendment;

(4) DISMISSES all other claims;

(5) DIRECTS the clerk to request Waiver of Service from (and if necessary, the United States Marshals Service to serve process on) Correctional Officer Davis, Correctional Officer Knockie, and Sergeant Jones at the Indiana Department of Correction, with a copy of this order and the complaint (ECF 1), under 28 U.S.C. § 1915(d);

(6) ORDERS the Indiana Department of Correction to provide the full name, date of birth, and last known home address of any defendant who does not waive service if it has such information; and

(7) ORDERS, under 42 U.S.C. § 1997e(g)(2), Correctional Officer Davis, Correctional Officer Knockie, and Sergeant Jones to respond, as provided for in the Federal Rules of Civil Procedure and N.D. Ind. L.R. 10-1(b), only to the claims for which the plaintiff has been granted leave to proceed in this screening order.

SO ORDERED on November 12, 2021

/s/JON E. DEGUILIO
CHIEF JUDGE
UNITED STATES DISTRICT COURT