UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| RYAN L. ESLICK, | |
| Plaintiff, | |
| v. | CAUSE NO. 3:21-CV-866-JD-MGG |
| DAVIS, et al., | |
| Defendants. | |

OPINION AND ORDER

Ryan L. Eslick, a prisoner without a lawyer, is proceeding in this case on one claim "against Correctional Officer Davis in his individual capacity for compensatory and punitive damages for assaulting him on or about June 23, 2021, in violation of the Eighth Amendment," and on one claim "against Correctional Officer Knockie and Sergeant Jones in their individual capacities for compensatory and punitive damages for failing to intervene when Correctional Officer Davis assaulted Eslick on or about June 23, 2021, in violation of the Eighth Amendment[.]" ECF 7 at 5. The defendants filed a motion for summary judgment, arguing Eslick did not exhaust his administrative remedies before filing suit. ECF 33. Eslick filed a response, and the defendants filed a reply. ECF 44, 50. The summary judgment motion is now fully briefed and ripe for ruling.

Summary judgment must be granted when "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Federal Rule of Civil Procedure 56(a). A genuine issue of material fact exists when "the

evidence is such that a reasonable [factfinder] could [find] for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). To determine whether a genuine issue of material fact exists, the court must construe all facts in the light most favorable to the non-moving party and draw all reasonable inferences in that party's favor. *Heft v. Moore*, 351 F.3d 278, 282 (7th Cir. 2003). However, a party opposing a properly supported summary judgment motion may not rely merely on allegations or denials in its own pleading, but rather must "marshal and present the court with the evidence she contends will prove her case." *Goodman v. Nat'l Sec. Agency, Inc.*, 621 F.3d 651, 654 (7th Cir. 2010). "[I]nferences relying on mere speculation or conjecture will not suffice." *Trade Fin. Partners, LLC v. AAR Corp.*, 573 F.3d 401, 407 (7th Cir. 2009).

Prisoners are prohibited from bringing an action under federal law with respect to prison conditions "until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). "[A] suit filed by a prisoner before administrative remedies have been exhausted must be dismissed; the district court lacks discretion to resolve the claim on the merits, even if the prisoner exhausts intra-prison remedies before judgment." *Perez v. Wisconsin Dep't of Corr.*, 182 F.3d 532, 535 (7th Cir. 1999) (emphasis added). Nevertheless, "[f]ailure to exhaust is an affirmative defense that a defendant has the burden of proving." *King v. McCarty*, 781 F.3d 889, 893 (7th Cir. 2015).

The Seventh Circuit has taken a "strict compliance approach to exhaustion." *Dole v. Chandler*, 438 F.3d 804, 809 (7th Cir. 2006). Thus, "unless the prisoner completes the administrative process by following the rules the state has established for that process, exhaustion has not occurred." *Pozo v. McCaughtry*, 286 F.3d 1022, 1023 (7th Cir. 2002).

However, a prisoner can be excused from failing to exhaust if the grievance process was effectively unavailable. *Woodford v. Ngo*, 548 U.S. 81, 102 (2006). The availability of a remedy is not a matter of what appears "on paper," but rather whether the process was in actuality available for the prisoner to pursue. *Kaba v. Stepp*, 458 F.3d 678, 684 (7th Cir. 2006).

The defendants argue Eslick did not exhaust his administrative remedies prior to filing this lawsuit because he did not submit any grievance complaining of an assault or failure to intervene on June 23, 2021. ECF 34 at 9. Moreover, the defendants argue that, even if Eslick did file a grievance, the grievance office never sent him any response and he did not comply with the grievance process' requirement to notify the Grievance Specialist of the lack of response and retain a copy of that notice. *Id*. The defendants provide an affidavit from the facility's Grievance Specialist, who attests the grievance office never received any grievance from Eslick complaining of the June 23 assault and never received any notice from Eslick that he submitted a grievance and did not receive a receipt or rejected form. ECF 34-1 at 6-7.

In his response, Eslick argues his administrative remedies were unavailable because he submitted a grievance regarding the June 23 assault but never received any response from the grievance office. ECF 44 at 1. He argues that, after he received no response to his grievance for 90 days, he took the "next step" and filed a tort claim. *Id.* However, even accepting as true that Eslick filed a grievance and received no response from the grievance office, he does not dispute the defendants' evidence that he did not comply with the grievance process' requirement to notify the Grievance Specialist of the

3

lack of response and retain a copy of that notice. *See* ECF 34-2 at 9 ("If an offender does not receive either a receipt or a rejected form from the Offender Grievance Specialist within ten (10) business days of submitting it, the offender shall notify the Offender Grievance Specialist of that fact (retaining a copy of the notice) and the Offender Grievance Specialist shall investigate the matter and respond to the offender's notification within ten (10) business days."). Because Eslick provides no evidence he complied with this requirement, the undisputed evidence shows Eslick had available administrative remedies he did not exhaust prior to filing this lawsuit.

Eslick also argues he exhausted his administrative remedies by sending a tort claim to the Attorney General's office, which satisfied the requirements of the Offender Grievance Process. ECF 44 at 2. But submitting a tort claim to the Attorney General's office is not a required step of the Offender Grievance Process. Rather, the Offender Grievance Process requires offenders to complete three steps before filing a lawsuit: (1) a formal attempt at resolution; (2) a Level I appeal to the warden; and (3) a Level II appeal to the Department Grievance Manager. ECF 34-2 at 3. Eslick provides no evidence he satisfied the three required steps of the Offender Grievance Process, or that submitting a tort claim to the Attorney General's office is a valid substitute for the Offender Grievance Process. *See Pozo*, 286 F.3d at 1025 ("To exhaust remedies, a prisoner must file complaints and appeals in the place, and at the time, the prison's administrative rules require"). Thus, Eslick has not shown he exhausted his administrative remedies by submitting a tort claim to the Attorney General's office.

4

Accordingly, because the undisputed evidence shows Eslick did not exhaust his available administrative remedies prior to filing this lawsuit, the defendants have met their burden to show lack of exhaustion. Summary judgment is thus warranted in favor of the defendants.

For these reasons, the court:

(1) GRANTS the defendants' motion for summary judgment (ECF 33); and

(2) DIRECTS the clerk to enter judgment in favor of the defendants and against Ryan L. Eslick and to close this case.

SO ORDERED on November 21, 2022

/s/JON E. DEGUILIO
CHIEF JUDGE
UNITED STATES DISTRICT COURT